# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:22-cv-00090-MR
## [CRIMINAL CASE NO. 2:08-cr-00036-MR-WCM-2]

| | | |
|---|---|---|
| DWAYNE MITCHELL LITTLEJOHN, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court on Petitioner's "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. 1651(a) to Vacate, or Correct the Restitution Portion of the Criminal Judgment." [CV Doc. 1].[1]

## I. PROCEDURAL HISTORY

Petitioner Dwayne Mitchell Littlejohn ("Petitioner") was charged, along with two co-defendants, with first degree murder within Indian territory, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 1111, 1153, and 2. [CR Doc. 10: Bill of Indictment]. Petitioner agreed to plead guilty pursuant

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:22-cv-00090-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 2:08-cr-00036-MR-WCM-2.

to a written plea agreement to the lesser included offense of second degree murder. [CR Docs. 27: Plea Agreement]. Pursuant to the plea agreement, Petitioner agreed "to pay full restitution, regardless of the resulting loss amount, which restitution will be included in the Court's Order of Judgment." [Id. at ¶ 6]. Petitioner further agreed that "such restitution will include all victims directly or indirectly harmed by [his] 'relevant conduct' …." [Id.]. In the plea agreement, Petitioner waived his right to appeal his sentence of conviction and to collaterally attack his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 17]. At the plea hearing, the Magistrate Judge conducted a thorough plea colloquy. [See CR Doc. 95: Plea Tr.]. As part of the colloquy, Petitioner acknowledged that he understood that the Court may order Petitioner to make restitution to any victim of the offense. [CR Doc. 95 at 11]. The Magistrate Judge accepted Petitioner's guilty plea, finding it to be knowingly and voluntarily made and that Petitioner understood the charges, potential penalties, and the consequences of his plea. [Id. at 18].

On December 4, 2009, the Court jointly sentenced Petitioner and his two co-Defendants because of the restitution issue common to all three. [CR Doc. 97 at 1, 4-5: Sentencing Tr.]. The parties and the Court spent considerable time on the restitution issue. The Government called

2

economist William Davis, Ph.D., to testify regarding the net present value of lost future earnings and per capita distributions due to the death of Dennis Jackson,[2] Petitioner's victim. [Id. at 20-85; see Doc. 58: Davis Report]. Dr. Davis testified at length regarding his methodology and conclusions, which were adopted by the Court. [See CR Doc. 97 at 25-85, 177-187].

The Court sentenced Petitioner to a total term of 204 months' imprisonment and ordered him to pay restitution in the amount of $852,903.00. [CR Doc. 77 at 2, 6: Judgment]. The restitution award included $8,985.00 in funeral expenses, $481.68 for emergency medical services, $459,730.00 for the victim's lost per capita distributions, and $393,173.00 in the victim's lost future income from employment of the victim, for a total award of $852,903.00. [Id. at 6; CR Doc. 97 at 182, 186-87]. Petitioner appealed, challenging the restitution portion of his sentence. United States v. Littlejohn, 422 Fed. App'x 225 (2011). Petitioner argued that the Court's order of restitution for lost future wages was "based on speculation and devoid of factual support." Id. at 228. On April 11, 2011, the Fourth Circuit Court of Appeals dismissed his appeal as being barred by the valid and enforceable appellate waiver set forth in the plea agreement. Id. In

_____

[2] As a member of the Eastern Band of Cherokee Indians, Jackson was entitled to and was receiving at his death per capita distributions of profits from casino operations. [See CR Doc. 58 at 3; CR Doc. 97 at 30: Sentencing Tr.].

3

November 2016, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, [Civil Case No. 1:16-cv-00357-MR, Doc. 1], which the Court denied [Id., Doc. 2].

Now before the Court is Plaintiff's Petition for a Writ of Coram Nobis pursuant to 28 U.S.C. § 1651(a) in which Petition seeks to have the Court vacate or correct the restitution portion of Petitioner's criminal judgment to remove the award for lost future earnings in the amount of $393,173.00. [CV Doc. 1]. Petitioner argues that the Court exceeded its authority under "an ambiguous statute," 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act (MVRA), in ordering this relief. Petitioner also argues that he received ineffective assistance of counsel relative to advice on the scope of the appellate waiver in the plea agreement. [Id. at 3]. That is, Petitioner states that he was not advised that the appellate waiver would prevent him for challenging the restitution award on appeal or that restitution "remain[ed] an open issue to be settled at sentencing." [Doc. 1 at 6]. Petitioner claims that, had he known he was waiving his right to challenge the restitution amount on appeal through the plea agreement, "he would have negotiated or sought modification of the agreement to permit challenges to the restitution which Petitioner would have accepted and the Court would have accepted." [Id.].

## II.  ANALYSIS

The All Writs Act, 28 U.S.C. § 1651(a), authorizes the Court to hear petitions for a writ of error coram nobis.  United States v. Morgan, 346 U.S. 502, 512 (1954).  As the Supreme Court has explained:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Pa. Bureau of Corr. V. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. (1985).  A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241.  Morgan, 346 U.S. 506 n. 4.  It is a remedy of last resort and is "narrowly limited to extraordinary cases presenting circumstances compelling its use to achieve justice."  Kornse v. United States, No. 1:19-cv-00290-MR, 2019 WL 6169808, at *2 (W.D.N.C. Nov. 19, 2019) (citations and internal quotation marks omitted).  "[J]udgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases."  United States v. Denedo, 556 U.S. 904, 916 (2009).

A petitioner for coram nobis is not entitled to relief unless he can meet his burden to prove four elements: "(1) a more usual remedy is not available;

(2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (citation omitted). This is a "substantial burden," even "'exceeding that of an ordinary habeas petitioner.'" Hall v. United States, No. 3:12-cv-762, 2012 WL 5902432, at *3 (W.D.N.C. Nov. 26, 2012) (quoting Akinsade, 686 F.3d at 261 (Traxler, C.J., dissenting)). Whether to grant the writ is ultimately a matter of this Court's discretion. See Akinsade, 686 F.3d at 252 (reviewing denial of writ for abuse of discretion).

Petitioner acknowledges that, to be eligible for coram nobis relief, a petitioner must be no longer "in custody." [CV Doc. 1 at 3]. Petitioner argues, however, that the requirement "could just as easily be read to mean that coram nobis cannot be used to challenge custody." [Id. (citing Morgan, 346 U.S. 502) (upholding district court's use of the writ of coram nobis where petitioner had completed his federal sentence and, at the time of petition, was incarcerated in state prison and subject to enhanced penalties due to the challenged federal conviction)]. Petitioner, however, cites no authority in support of this position and the Court sees no Fourth Circuit precedent

allowing coram nobis relief to a petitioner who remains incarcerated on the challenged criminal judgment.

If, on the other hand, coram nobis relief were available to Petitioner despite his remaining incarcerated on the criminal judgment, he has failed to provide a valid reason for failing to seek collateral relief sooner. The Fourth Circuit dismissed Petitioner's appeal in 2011 and Petitioner did not petition the Supreme Court for writ of certiorari. Thus, the criminal judgment he now seeks to vacate has been final for over a decade. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner argues that he "relied on the convergence of various circumstances" in failing to bring this petition earlier. [CV Doc. 1 at 3]. Petitioner claims that "the Court of Appeals decision" led him "to believe there were no other avenues for relief," and that he "contacted several attorneys who could not advise of any procedural vehicle to collaterally attack a restitution judgment" and that he "relied on that advice again in delaying any challenges." [Id.]. Then, when Petitioner eventually learned of the availability of coram nobis relief, he believed the "no longer in custody" requirement would preclude relief. [Id.]. These reasons, which amount to no more than ignorance of the law, are not valid reasons for not seeking appropriate relief earlier in these proceedings.

United States v. Patel, No. 5:11-CR-00031, 2021 WL 5889983, at *3 (W.V. Va. Dec. 13, 2021) ("Ignorance of the law is not a valid reason for delay in filing a writ of coram nobis.") (citations omitted). Petitioner fails to provide an adequate explanation for his ten-year delay in seeking collateral relief. His claim, therefore, must be denied. See Foreman v. United States, 247 Fed. App'x 246, 248 (2d Cir. 2007) (denying coram nobis petition where petitioner failed to provide sufficient justification for six-year delay in seeking relief).

Moreover, there is a substantial question whether a writ of coram nobis is available to challenge a restitution judgment in any event. The Fourth Circuit has not sanctioned such use of the writ. See In re Scott, 230 F.3d 1354, at *1 (4th Cir. 2000) (unpublished decision) (denying petitioner's petition for writ of error coram nobis contesting the district court's procedures in ordering restitution where petition did not present "an error of the most fundamental character compel[ling] such relief to achieve justice and where no alternative remedy [was] available"); Johnson v. United States, No. GJH-14-352, 2020 WL 3268218, at *12 (D. Md. Jun. 16, 2020) ("Petitioner has pointed to no authority within the Fourth Circuit indicating that a writ of coram nobis is available … to challenge non-custodial elements of a criminal sentence.") (internal quotation marks and citation omitted); Clark v. United States, No. 3:17-cv-6-FDW, 2017 WL 390294, at *4 (W.D.N.C. Jan. 27,

2017) ("Coram nobis is properly used to challenge only fundamental errors resulting in erroneous convictions, not noncustodial components of sentences."). Cf. United States v. Mischler, 787 F.2d 240 (7th Cir. 1986) (approving use of writ of error coram nobis to challenge restitution order that was based on inaccurate information). As such, even if Petitioner were no longer in custody and had timely sought coram nobis relief, the Court would be constrained against granting the relief requested.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Petition for Writ of Error Coram Nobis.

### ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Error Coram Nobis [Doc. 1] is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed: June 6, 2022

Martin Reidinger
Chief United States District Judge

9